OPINION
Emanuel Culbertson, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found he was delinquent by virtue of acts which, if committed by an adult, would be misdemeanors or felonies, namely willfully fleeing in violation of R.C. 2921.331, a fourth degree felony, unlawful use of a motor vehicle in violation of R.C. 2913.03, resisting arrest in violation of R.C. 2921.33, and under age consumption of alcohol in violation of R.C. 4301.632 and R. C. 2151.02. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN ACCEPTING AN ADMISSION WITHOUT COMPLYING WITH JUV.R. 29(D).
 II. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT THE OPERATION OF A MOTOR VEHICLE BY APPELLANT WHILE FLEEING POLICE CAUSED A SUBSTANTIAL RISK OF SERIOUS PHYSICAL HARM TO PERSONS OR PROPERTY.
 III. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS CONSUMING ALCOHOL.
 IV. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, [SECTION 10] OF THE OHIO CONSTITUTION.
There were two incidents which gave rise to these charges. On November 21, 1996, Alliance City Police Officer David W. Bair observed a vehicle which had been reported stolen go through a red light on Oxford Street in the City of Alliance in Stark County, Ohio. Officer Bair testified he knew appellant and observed him driving the vehicle. Officer Bair gave chase, and the vehicle fled, driving down alleys and roadways in the dark, at speeds up to 45 m.p.h. in a 25 m.p.h. zone. Eventually, appellant jumped from the vehicle while it was in gear and still moving. Appellant fled on foot and evaded Officer Bair. The stolen vehicle went across private property and struck a vehicle trailer. The vehicle trailer sustained only minor damage, while the stolen vehicle was more heavily damaged.
On November 30, 1996, Officer Shawn Morrison, of the Alliance City Police Department observed appellant walking down East Summit Street in Alliance, Stark County, Ohio, carrying a can. Officer Morrison approached appellant, and discerned it was a beer can. After placing appellant under arrest, Officer Morrison found two other containers of alcohol on appellant's person.
Appellant was charged with a variety of offenses. On December 9, 1996, appellant entered a plea of true to one count of no operator's license, one count of curfew violation, and one count of under age consumption of alcohol. At the close of the trial, the magistrate found the State had proven beyond a reasonable doubt appellant had consumed alcohol under age, and willfully fled a police officer, and in so doing, presented a great danger to persons and property. The magistrate also found appellant delinquent by reason of resisting arrest and unauthorized use of a motor vehicle. Although both the prosecutor and defense counsel represented to the court that appellant had entered a plea of true to the receiving stolen property charge, this court was unable to find any support for that allegation in the record. Eventually, the trial court entered a nunc pro tunc
judgment on January 14, 1997, dismissing some of the counts to which appellant pled true, and reducing the receiving stolen property to unauthorized use of a motor vehicle. The trial court committed appellant to the custody of the Department of Youth Services, and strongly recommended alcohol treatment.
 I
Appellant first urges the trial court erred in accepting a plea of true without complying with Juv.R. 29.(D). That rule requires the court to personally address the juvenile and determine the juvenile made the admission voluntarily and with understanding of the allegations of the consequences of the admission, and also that the juvenile understood that by entering an admission the juvenile waived his rights challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing. The State concedes the magistrate did not comply with Juv.R. 29.
It is easy to see why the magistrate omitted this vital step. The transcript shows there was a good bit of confusion both on the part of the prosecutor and on the part of defense counsel regarding the various charges. Both the State and the defense raised several motions regarding individual charges, and in the midst of the proceedings, defense counsel offered to enter the plea of true on some of the charges.
Compliance with Juv.R. 29(D) is mandatory, and the State concedes the adjudication and disposition on these charges must be vacated accordingly. The first assignment of error is sustained.
Regarding the unauthorized use charge, the record reflects the trial court dismissed the charge which is the subject of this appeal on January 14, 1997. The trial court approved another unauthorized use charge, for which the record contains no support. Apparently that charge is the subject of a different case, and not one of those which are the subject of this appeal. Because the record contains no complaint and no evidence, we vacate that charge as well.
 II and III
Next, appellant argues the judgment of the trial court was against the manifest weight and sufficiency of the evidence because the State failed to prove beyond a reasonable doubt that while fleeing from the police and the motor vehicle, appellant caused substantial risk of serious physical harm to the persons or property, and also failed to prove he consumed alcohol.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explored the similarities and distinctions between the two concepts. The Supreme Court noted the legal concepts of the sufficiency of the evidence and weight of the evidence are both qualitatively and quantitatively different. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficiency to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, the judgment may be against the weight of the evidence, because the concept of weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted.
We have reviewed the record, and we find the evidence is sufficient as a matter of law, and also that the manifest weight of the evidence sustains the trial court's decision that the State had proven the charges beyond a reasonable doubt.
The second and third assignments of error are overruled.
 IV
In his fourth assignment of error, appellant urges he was deprived of his right to effective assistance of counsel in his trial, because trial counsel failed to request a competency hearing to determine if his mental condition was such that he lacked the capacity to understand the nature of the proceedings against him, to consult with his counsel, and of assistance in preparing his defense.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test to apply to claims of ineffective assistance of counsel. First, the defendant must show counsel's performance was deficient, and fell below an objective standard of representation. Secondly, the defendant must also show that the deficient performance prejudiced his ability to receive a fair and reliable trial. Ohio uses theStrictland standard, see State v. Bradley (1989),42 Ohio St.3d 136.
Even if counsel does not request a competency hearing, a trial court is required to conduct further inquiry on the question of competency to stand trial where there is evidence to create a sufficient doubt, see Drope v. Missouri (1975), 420 U.S. 162. A trial court should sua sponte question a defendant's competency if counsel expresses doubts as to competency, if the defendant exhibits irrational behavior or questionable demeanor, or when there is prior medical opinion relating to his competency, Drope,supra.
As the State points out, the record does not contain any information regarding an alleged learning disability, and a learning disability in and of itself is insufficient to demonstrate a defendant is incompetent, see In Re: McWhorter
(December 5, 1994), Butler Appellate #CA94-02-047, unreported.
Our review of the record leads us to conclude appellant has failed to demonstrate either defective representation on behalf of trial counsel, or prejudice. Accordingly, on this record, we cannot find appellant's Fifth and Sixth Amendment rights were violated.
The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed in part and affirmed in part. The judgment of the trial court finding appellant delinquent by virtue of unauthorized use of a motor vehicle and consuming alcohol, to which the juvenile pled true, are vacated. The cause is remanded to the trial court for execution of sentence.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed in part, affirmed in part, and the findings of true with regard to unlawful use of a motor vehicle and under age consumption of alcohol are vacated. The cause is remanded to the trial court for execution of sentence. Costs to the State.